PERCY B. COOK v. L. EDWARD WHITCOMB

TOLLAND COUNTY                                    FILE No. 5384
HONORABLE WILLIAM J. SHEA, JUDGE OF THE SUPERIOR COURT

Memorandum filed July 12, 1948.

*Birmingham & Kennedy*, of Hartford, for the Plaintiff.

*Henry H. Hunt*, of Hartford, for the Defendant.

SHEA, J.  This is a petition for a recount of the ballots cast at the election for town officials in the town of Andover on May 17, 1948.  The plaintiff was a candidate on the Democratic ticket for the office of first selectman, while the defendant was a candidate for the same office on the Republican ticket.  The canvass of the votes by the officials of the election, after throwing out a number of void ballots, showed that 397 votes were cast for the office of first selectman.  Of these the defendant had 199 and the plaintiff had 198.

On the evidence presented at the hearing the ballot box was ordered to be opened and the votes were again canvassed and counted.  Examination revealed that among the ballots cast for first selectman there was an absentee ballot which had been counted by the officials in declaring the result of the election in favor of the defendant.

Upon the official absentee ballot provided for this election specific directions are given to the elector for use of the ballot.  If the elector wishes to vote a straight party ticket, he is directed to use Form I in the ballot, inserting in the blank the name of the party whose ticket he wishes to vote.  He is specifically directed not to use or mark Form II or III.  In the particular ballot under consideration, Form I was filled out by the elector, indicating that he voted a straight Democratic ticket.  A line is drawn through the word Democratic as written in by the elector.  The voter also filled out Form II of this same ballot, indicating that

he voted a Democratic ticket except that he voted also for Edward Whitcomb for the office of first selectman. Thus it clearly appears that the elector failed to follow the directions given for the use of the ballot. Confusion arises as a result of the use of the ballot in this manner by the voter. If it was marked in this way for the purpose of providing a means for its identification, the moderator would be clearly warranted in rejecting it as a marked ballot. General Statutes, Sup. 1945, § 176h. While the line drawn by the voter through the word Democratic may be some indication of his intention to strike out the vote, as indicated in Form I of the ballot, there is uncertainty about that intention and hence it is impossible to determine from the ballot the true expression of the voter. It ought not to be counted as a valid ballot and it is, therefore, rejected.

The rejection of this absentee ballot means that there was a total of 396 valid ballots cast for the office of first selectman. The plaintiff and the defendant each have 198 votes, or an equal number.